■ CAROL E. FERRARI, Respondent, v. ABE SCHWARTZ, Appellant.— Appeal by the defendant from a judgment of the Supreme Court in favor of plaintiff, entered March 29, 1972 in Sullivan County. In this automobile negligence action plaintiff has recovered a verdict of $90,000 for personal injuries she alleges she sustained. Defendant contends the verdict is excessive and that the trial court's response to a question by the jury was inadequate and prejudicial. As to the latter issue, the record reveals that after the jury retired to deliberate they returned and requested the " pretrial testimony by Miss Ferrari and Motor Vehicle Referee testimony." The court properly advised the jury that they could have only the testimony which had been introduced into evidence. He then sent the jury out to dinner. Upon their return certain testimony was read to them. Thereafter, one of the attorneys complained that there was additional testimony which had not been read. After a search of the record additional testimony was read. No further objections or requests were made by any of the attorneys. Defendant points out on this appeal that other testimony was not read and argues that this failure constituted prejudicial error. An examination of the record demonstrates that the court appears to have made a good faith effort to find and read the portions requested. In view of this, together with the facts that the jury did not indicate they wanted further testimony, nor were any objections made by counsel, we conclude that no prejudicial error was committed. Furthermore, in our opinion, an examination of the omitted portion reveals it did not substantially contradict plaintiff's other testimony. As to the other issue, damages are a question for the jury and we should not interfere unless the verdict is clearly excessive. (*Hyatt* v. *Pepsi-Cola Albany Bottling Co.*, 32 A D 2d 574.) On this issue the record reveals that plaintiff was 29 years of age and single at the time of the trial. She sustained facial cuts which left permanent scars, together with a scar on her chest visible when she wears a bathing suit. She also sustained a fractured right arm, a fractured rib and a fracture of the skull or nose. She had difficulty breathing and suffered from double vision. The doctor diagnosed a twitching in the left arm as evidence of epilepsy. There was also a paralysis of the left arm due to brain damage. In addition there was a 40% permanent disability to the left arm. She was unable to type which interfered with her means of livelihood. On the record we conclude the jury's verdict must be sustained. Judgment affirmed, with costs. Herlihy, P. J., Staley, Jr., Sweeney, Kane and Main, JJ., concur.